**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

| | |
|---|---|
| **THOMAS B. EREKSON,** : | |
| **Plaintiff,** : | |
| : | **CIVIL ACTION** |
| **v.** : | **NO. 12-5815** |
| : | |
| **ASHFORD PHILADELPHIA ANNEX, LLC, et al.,** : | |
| **Defendants.** : | |

_____:

**MEMORANDUM OPINON**

**Pratter, J.**                                                                                    **April 23, 2013**

      Plaintiff Thomas Erekson contends that Defendants' removal of this action to this Court

was untimely.  For the reasons below, the Court finds that the removal was not timely, Mr.

Erekson's Motion to Remand is meritorious, and the case will be remanded to the Philadelphia

Court of Common Pleas.

**I.        Background**

      This premises liability action stems from an injury incurred by Thomas Erekson on May

26, 2010 on a walkway near the main entrance of the Courtyard by Marriott hotel located at 21

N. Juniper Street in Philadelphia, Pennsylvania.  On May 21, 2012, Mr. Erekson, through

counsel, sent Defendants[1] a settlement demand letter seeking $225,000 for his damages.  Three

days later, Mr. Erekson filed his complaint in the Philadelphia Court of Common Pleas.  He

alleges that he served the complaint and summons on Defendant Ashford Philadelphia Annex,

_____

[1] Mr. Ereckson has named the following defendants in his Complaint:  Ashford Philadelphia Annex, LLC, f/n/a CNL Philadelphia Annex, LLC ("Ashford"); Marriott International, Inc.; Courtyard Management Corporation; Courtyard by Marriott Limited Partnership; CBM One LLC; Courtyard by Marriott II Limited Partnership (according to Defendants, a non-existent entity); CBM One Corporation (according to Defendants, a non-existent entity), CBM Two LLC (according to Defendants, a non-existent entity); and CBM Two Corporation (according to Defendants, a non-existent entity) (hereinafter collectively "Defendants" unless otherwise specified).  Defendants contend that Courtyard Management Corporation ("Courtyard") is the only proper party to this case. Opp. to Mot. to Remand at 2.

LLC, f/n/a CNL Philadelphia Annex, LLC ("Ashford") on June 4th, and on the remaining Defendants on July 20th.  Defendants dispute that service was proper; however, for the purposes of the removal analysis, service is immaterial, as there is no question that Defendants were in actual possession of the Complaint as of at least August 24, 2012, the date on which defense counsel served Mr. Erekson's attorney with a Request for Admission as to the amount of damages.

The Complaint filed in the Philadelphia Common Pleas Court does not seek specific damages, but states that the amount in controversy is "greater than $50,000," thereby conferring major jury status on the matter in state court.  On August 24, 2012, Defendant Courtyard Management Corporation ("Courtyard") served Mr. Erekson with a Request for Admission seeking to establish whether he claimed damages in excess of $75,000.  Although the affirmative Response to the Request for Admission was executed August 30, 2012, Opp. to Mot. to Remand, Ex. I, Defendants apparently did not receive the Response until September 18, 2012—19 days later, and fully two weeks after the case management conference.  Mr. Erekson does not dispute, however, that Defendants received the Response on that date.

In the meantime, on September 4, 2012, the parties held a case management conference in common pleas court at which Mr. Erekson alleges that damages and the value of the claim were discussed among Mr. Erekson's counsel, counsel for Courtyard Management Corporation, and the state court's Case Manager.  A copy of Plaintiff's Case Management Conference Memorandum, attached to the Motion to Remand as Exhibit A and to Defendant's Opposition as Exhibit G, states that damages are requested in the amount of $275,000.  Defendants concede that Mr. Erekson's counsel submitted the Memorandum at the conference.

Defendants' Notice of Removal was filed in this Court on October 16, 2012, fewer than 30 days after Defendants' receipt of Plaintiff's Response to Request for Admission on September 18, 2012, but more than 30 days after the September 4, 2012 case management conference.

## II.    Discussion

Any civil action brought in state court may be removed to the federal district court in the district where the action is pending, if the district court would have had original jurisdiction.  28 U.S.C. § 1441.  The removing party bears the burden of showing that the case is properly before the court at all stages of the litigation.  *See Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).  The removal statutes are strictly construed against removal, and all doubts should be resolved in favor of remand.  *Boyer v. Snap-On Tools*, 913 F.2d 108, 111 (3d Cir. 1990).

The district court has subject matter jurisdiction over civil actions between citizens of different states where the amount in controversy, exclusive of interest and costs, exceeds $75,000.  28 U.S.C. § 1332(a).  The amount in controversy is generally decided from the face of the complaint itself.  *Angus v. Shiley Inc.*, 989 F.2d 142, 145 (3d Cir. 1993).  It is "not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated."  *Id.* at 146.

Under 28 U.S.C. § 1446(b), "the notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial

pleading has then been filed in court and is not required to be served on the defendant, whichever is shorter." 28 U.S.C. § 1446(b).

Where it is not apparent from the face of the initial pleading that a case is removable, "a notice of removal may be filed within thirty days after receipt by the defendant, *through service or otherwise*, of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable . . . ." 28 U.S.C. § 1446(b) (emphasis added).

Section 1446(b) does not define "other paper." The statute is clear, however, "that the time for removal begins to run when the defendant receives the requisite written notice of facts which make the case removable." *Broderick v. Dellasandro*, 859 F. Supp. 176, 178 (E.D. Pa. 1994). "Although notice must be in writing, the statute does not require 'service' of that notice in some formal, legal sense." *Id.* Courts have found that answers to interrogatories in discovery proceedings, statements in deposition testimony, post-complaint demand letters, and attorney correspondence may all meet the statutory requirement for "other paper." *See id.* at 178-79 (collecting cases). In *White v. Gould*, No. 91-6531, 1992 WL 7032, at *2 (E.D. Pa. Jan 9, 1992), for example, the court held that, where a state court complaint simply alleged damages "in excess of $25,000," a case became removable after plaintiff's counsel sent defendant a settlement letter demanding $100,000. In *Broderick*, holding that "other paper" may include attorney correspondence, the court granted remand where the defendant filed notice of removal more than 30 days after receiving a letter from plaintiff's attorney advising of plaintiff's change of residence (for diversity jurisdiction), but less than 30 days after plaintiff served answers to interrogatories which identified his new residence. *See Broderick*, 859 F. Supp. at 177.

Here, Defendants argue that the document from which it could "first be ascertained" that this case was removable is Plaintiff's Response to Courtyard Management Corporation's Request for Admission, which Defendant received on September 18, 2012.  This is the document, Defendants contend, "from which it could first be established with the requisite degree of certainty that the amount in controversy in this case met the federal jurisdictional limit."  Opp. to Mot. to Remand at 8.  The Court agrees that the Complaint alone, which contained only general allegations of serious injury and sought damages in excess of $50,000, was not sufficient to trigger the removal period.  *See, e.g.*, *Inaganti v. Columbia Props. Harrisburg LLC*, No. 10-1651, 2010 WL 2136597, at *3, *5 (E.D. Pa. May 25, 2010) (collecting cases for the proposition that "when a complaint fails to allege with specificity damages that permit a defendant to conclude, to a legal certainty, that the amount in controversy creates federal jurisdiction, the removal period is not triggered by service of the complaint"); *Brown v. Modell's PA II, Inc.*, No. 08-1528, 2008 WL 2600253, at *2 (E.D. Pa. July 1, 2008) (allegations of apparently serious medical injury plus damages sought "in excess of $50,000" were not enough to put defendant on notice that amount in controversy requirement was met).

As of September 4, 2012, however—14 days before Defendants' receipt of the Response to Request for Admission—Defendants were indisputably "on notice" that the amount in controversy requirement was met.  Plaintiff's Case Management Conference Memorandum, which was exchanged by counsel at a conference directed by the state court, clearly sets forth Plaintiff's demand of $275,000.[2]  The Memorandum meets the statutory requirements for formal

---

[2] Defendants argue that, because "it is common knowledge that the value of a matter in controversy is universally only a fraction of the original demand in order to allow for negotiation[,]" Plaintiff's demand of $275,000 is "insufficient to support removal under the law."  Opp. to Mot. to Remand at 8.  Defendants cite no case law in support of this sweeping and arguably cynical statement.  At least one court has found that a demand letter seeking $300,000 did not meet the criteria for "other paper" because it was "nothing more than posturing by counsel seeking to stake out a position for settlement purposes[, and] cannot

written notice and, in conjunction with the Complaint and in light of the pre-complaint demand letter seeking $225,000, is sufficient to trigger the removal period.

Citing *Inaganti*, *Brown*, and *Bishop v. Sam's East, Inc.*, No. 08-4550, 2009 WL 1795316 (E.D. Pa. Jun. 23, 2009), among other cases, Defendants repeatedly contend that, until they received Plaintiff's Response to the Request for Admission, they could not have known from any other document "with the requisite degree of certainty" that the amount in controversy exceeded the federal jurisdictional threshold. Opp. to Mot. to Remand at 8, 9. This argument misconstrues the legal standard for removal. The cases cited excuse a defendant from removing where a complaint seeking unspecified damages below the jurisdictional threshold does not allow a defendant to conclude "to a legal certainty," that the amount in controversy is met. These cases do not, however, support the defense argument here that the $275,000 demand set forth in the Case Management Memorandum was "uncertain" simply because it described Plaintiff's injuries generally, and did not fully calculate lost wages or future medical expenses.

"There is a significant difference between a standard requiring a removing defendant to prove the value of plaintiff's claim and a standard requiring the defendant to demonstrate that recovering over $75,000 is not foreclosed by the allegations of the complaint." *Montilus v. Munoz*, No. 09-4143, 2009 WL 3246609, at *2 (D.N.J. Oct. 6, 2009). As the Third Circuit explained in *Frederico v. Home Depot*, 507 F.3d 188, 194-95 (3d Cir. 2007), "'Under [*St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938)], a case must be dismissed or remanded if it appears to a legal certainty that the plaintiff *cannot* recover more than the

---

override the unamended verified complaint that unequivocally states that the damages *do not exceed* $20,000." *Sfirakis v. Allstate Ins. Co.*, No. 91-3092, 1991 WL 147482, at *3 (E.D. Pa. July 24, 1991) (emphasis added). Here, however, Plaintiff's demand neither contradicts nor dramatically exceeds the damages sought in the Complaint, and the Court has no reason to conclude that the value of the claim could not meet the jurisdictional threshold because of some undocumented "common knowledge."

jurisdictional amount of $75,000.  The rule does not require the removing defendant to prove to a legal certainty that the plaintiff can recover $75,000—a substantially different standard.'" *Frederico*, 507 F.3d at 195 (quoting *Valley v. State Farm Fire & Cas. Ins. Co.*, 504 F. Supp. 2d 1, 3-4 (E.D. Pa. 2006)).  A defendant seeking removal has to meet the more onerous burden of proving that the plaintiff can recover the jurisdictional amount only where the complaint specifically avers that the amount in controversy is *less* than the jurisdictional minimum. *Frederico*, 507 F.3d at 196-97; *see also Shah v. Hyatt Corp.*, 425 F. App'x 121, 124 (3d Cir. 2011).  Defendants were under no such obligation here, where the Complaint stated that Mr. Erekson's claim was greater than $50,000.  Even assuming Defendants felt it necessary to delay removal out of an abundance of caution until it became clear that Plaintiff sought damages above the federal jurisdictional threshold, such delay was no longer necessary after the face-to-face case management conference.  Accordingly, Defendants cannot point to lack of "certainty" as to the amount in controversy to justify their failure to remove the case in a timely fashion.

### III.     Conclusion

For the reasons set forth above, the Court concludes that Defendants' Notice of Removal was untimely, and Plaintiff's Motion to Remand this action to the Court of Common Pleas of Philadelphia County will be granted.  An appropriate Order follows.